UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:17-CV-00431-JHM

GOLDEN GATE NATIONAL                                                              PETITIONERS
SENIOR CARE, LLC, et al

v.

RAY HUDSON, individually and                                                       RESPONDENT
as administrator of the Estate of
Evelyn Hudson

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the motion by petitioners Golden Gate National Senior Care, LLC; GGNSC Administrative Services, LLC; GGNSC Clinical Services, LLC; GGNSC Holdings, LLC; GGNSC Equity Holdings, LLC; GGNSC Equity Holdings II, LLC; Golden Gate Ancillary, LLC; and GPH Louisville St. Matthews, LLC ("petitioners") to expedite consideration of their petition to compel arbitration (DN 3), as well as the motion to dismiss by respondent Ray Hudson ("Ray"). (DN 12.)  Fully briefed, these matters are ripe for decision.

## I. BACKGROUND

Evelyn Hudson ("Evelyn") was a resident of Golden Living Center – St. Matthews ("the facility") from October 10, 2016, until January 4, 2017.  On September 12, 2012, well before her admittance to the facility, Evelyn signed a form entitled "Durable Power of Attorney," in which she named Ray, her cousin, as her attorney-in-fact and agent. (DN 1-4.)  This power of attorney invested in Ray the "power and authority to do in my name and on my behalf any and all acts which I might do if personally present and acting on my own behalf," including but not limited to the authority to "demand, receive and receipt for all monies and property, tangible or intangible, of whatever kind, to which I may be or may hereafter become entitled"; to "enter into

contracts of any kind or description whatsoever, and to exercise any right, option or election which I may have or acquire under any contract"; to "compromise, settle or renew any claim of or against me, or any right which I may be entitled to asset and which may be asserted against me"; and "to assert by litigation or otherwise any claim of mine, and to defend any claim that may be asserted against me with full right to employ counsel and agents which, in the discretion of said attorney-in-fact, may be necessary in connection therewith[.]" (*Id.* at ¶¶ 1, 4–6.)

Prior to Evelyn's admittance to the facility, Ray signed an "Alternative Dispute Resolution Agreement" ("ADR agreement") as Evelyn's legal representative. (DN 1-3.) This agreement stated that Evelyn agreed to resolve "any disputes covered by this Agreement . . . exclusively by an ADR process . . ." (*Id.* at 1.) Covered disputes included "violation[s] of a right claimed to exist under federal, state, or local law . . . tort . . . consumer protection . . . negligence; gross negligence; malpractice; and any alleged departure from any applicable . . . medical, health care, consumer, or safety standards." (*Id.* at 3.) The ADR agreement states on its first page in bold capital letters that "[t]his agreement is not a condition of admission to or continued residence in the facility." (*Id.* at 1.) Underneath Ray's signature, the ADR agreement reads, "By my signature, I represent that I am a person duly authorized by Resident or by law to execute this Agreement and that I accept its terms." (*Id.* at 7.)

During Evelyn's stay at the facility, it is alleged she suffered injuries and ultimately died due to inadequate care, as her health and physical condition deteriorated beyond that caused by the normal aging process. Ray filed a civil action[1] in Jefferson Circuit Court against all of the named petitioners in this case, as well as against the following defendants: (1) three other

---

[1] The original complaint named the plaintiff as "Ray S. Hudson, as Next Friend of the Estate of Evelyn Hudson." (DN 1-2.) However, the complaint was amended so as to name the plaintiff as "Ray S. Hudson, as Administrator of the Estate of Evelyn Hudson." (DN 7-1.) Subsequent to this amendment, the petitioners in this case amended their petition to compel arbitration so as to reflect this change. (DN 7, at ¶ 30.)

corporate entities, St. Matthews Leasing, LLC; Redwood Holdings, LLC; and Providence Healthcare Management, Inc.; (2) a named administrator of the facility, Joshua Lee Schindler; (3) and three unnamed defendants who provided care for Evelyn while she was a resident. (DN 1-2.) The state court complaint asserts claims of negligence, medical negligence, and corporate negligence against various defendants, as well as a claim of wrongful death against all defendants. The petitioners in this case then filed the present action, seeking to compel arbitration of Evelyn's claims. (DN 1.) The petitioners have filed a motion for expedited consideration of their petition. (DN 3.) Ray responded to the motion for expedited consideration (DN 11), and he has filed a separate motion to dismiss (DN 12), to which the petitioners have responded. (DN 13.)

## II. DISCUSSION

### A. MOTION TO DISMISS

The Court begins with the motion to dismiss. The motion makes numerous arguments in favor of dismissal, but all of the asserted grounds for dismissal have been raised by defense counsel in other cases before this Court and others, and they have been denied by the courts in those cases. *E.g., Owensboro Health Facilities, L.P. v. Henderson*, 2016 WL 2853569 (W.D. Ky. May 13, 2016); *GGNSC Louisville Hillcreek, LLC v. Watkins*, 2016 WL 815295 (W.D. Ky. Feb 29, 2016). Thus, the Court will only briefly address each.

#### 1. FAILURE TO JOIN A NECESSARY PARTY

Ray Hudson argues that the action should be dismissed for the failure to join the named administrator who is a defendant in the state court action, as this individual is a necessary and indispensable party under Fed. R. Civ. P. 19. However, "[t]he Court can and will decide the entire controversy without the administrators being named in the suit," as the administrators

"have the same interest as [the corporate defendants] in this case: to compel arbitration." *Watkins*, 2016 WL 815295, at *2–3. Nor will the existing parties "incur inconsistent obligations" if the administrator is not joined. *Id.* at *3. Therefore, Rule 19 does not apply, and the Court will not dismiss for the failure to join the administrator. *Accord Owensboro Health Facilities, L.P. v. Canary*, 2017 WL 1015859, at *2 (W.D. Ky. Mar. 15, 2017); *Henderson*, 2016 WL 2853569, at *2; *Preferred Care of Del, Inc. v. Blankenship*, 2016 WL 7192127, at *2 (W.D. Ky. Dec. 12, 2016).

### 2. FAILURE TO STATE A CLAIM

Ray Hudson makes three arguments in favor of dismissal pursuant to Fed. R. Civ. P. 12(b)(6). First, he argues that the agreement is unenforceable under the Federal Arbitration Act ("FAA") as it does not evidence a transaction involving interstate commerce. However, "[m]any cases have found that the FAA applies to arbitration agreements involving nursing home residents," with these cases recognizing "that it would be impracticable for the nursing home to procure all goods necessary for the daily operations purely through intrastate channels." *Preferred Care of Del., Inc. v. Crocker*, 173 F. Supp. 3d 505, 514 (W.D. Ky. 2016) (citations omitted). Thus, the Court rejects this argument.

Second, he argues that arbitration agreement is unconscionable. This argument is "baseless," as "[t]here was nothing either procedurally or substantively unconscionable about this arbitration agreement." *Watkins*, 2016 WL 815295, at *5–6. Voluminous paperwork and disparate bargaining power alone do not make an arbitration agreement unconscionable, especially one that clearly indicates it is not required for admission. Thus, the Court rejects this argument. *Accord Canary*, 2017 WL 1015859, at *3; *Henderson*, 2016 WL 2853569, at *2; *Blankenship*, 2016 WL 7192127, at *2.

And third, he argues that the power of attorney did not give him the authority to sign the ADR agreement. Until recently, "Kentucky courts routinely 'declined to give effect to . . . arbitration agreements executed by individuals holding powers of attorneys.'" *Preferred Care, Inc. v. Aaron*, 2017 WL 3319378, at *7 (E.D. Ky. Aug. 3, 2017) (quoting *Kindred Nursing Centers Ltd. P'ship v. Clark*, 137 S. Ct. 1421, 1424-25 (2017)). The Kentucky Supreme Court had determined that "'a general grant of power (even if seemingly comprehensive) does not permit a legal representative to enter into an arbitration agreement for someone else.'" *Id*. (quoting *Kindred*, 137 S. Ct. at 1425). Rather, to form such a contract, the power of attorney must contain language specifically authorizing the representative to waive the principal's constitutional rights to access to the courts and to trial by jury. *GGNSC Louisville Camelot, LLC v. Coppedge*, 2017 WL 3430579, at *4 (W.D. Ky. Aug. 9, 2017). However, the United States Supreme Court recently rejected this view. In *Kindred Nursing Centers Ltd. P'ship v. Clark*, 137 S. Ct. 1421, 1426-27 (2017), the Supreme Court held that "[t]he Kentucky Supreme Court's clear-statement rule [announced in *Extendicare Homes, Inc. v. Whisman*, 478 S.W.3d 306, 327 (Ky. 2015)] . . . fails to put arbitration agreements on an equal plane with other contracts." The Supreme Court determined that such a rule "single[d] out arbitration agreements for disfavored treatment" and thus, violated the FAA. *Kindred*, 137 S. Ct. at 1425. "Following *Kindred*, then, the proper inquiry is whether the grant of authority contained in the power of attorney is 'sufficiently broad to cover executing an arbitration agreement.'" *Coppedge*, 2017 WL 3430579, at *5 (quoting *Kindred*, 137 S. Ct. at 1429).

Here, the power of attorney vested Ray with the authority "to do in my name and on my behalf any and all acts which I might do if personally present and acting on my own behalf," including but not limited to the authority to "demand, receive and receipt for all monies and

property, tangible or intangible, of whatever kind, to which I may be or may hereafter become entitled"; to "enter into contracts of any kind or description whatsoever, and to exercise any right, option or election which I may have or acquire under any contract"; to "compromise, settle or renew any claim of or against me, or any right which I may be entitled to asset and which may be asserted against me"; and "to assert by litigation or otherwise any claim of mine, and to defend any claim that may be asserted against me with full right to employ counsel and agents which, in the discretion of said attorney-in-fact, may be necessary in connection therewith[.]" (DN 1-4, at ¶¶ 1, 4–6.) This language unquestionably encompasses the power to enter into an arbitration agreement. Therefore, Ray had the requisite authority to enter into the ADR agreement. *Accord Pembroke Health Facilities, L.P. v. Ford*, 2017 WL 2486354, at \*5 (W.D. Ky. June 8, 2017) (power of attorney that granted power "to transact, handle, and dispose of all matters," including the power "[t]o make contracts" encompassed power to enter into an arbitration agreement). As such, the Court rejects this argument.

### 3. LACK OF SUBJECT MATTER JURISDICTION

Ray Hudson argues that this Court lacks subject matter jurisdiction over the present action, as the case neither arises under federal law nor has diverse parties. These arguments are derivative of those previously discussed. The argument made as to a lack of diversity relies upon the prior argument regarding the named administrator in the state court action being a necessary party in the present case. According to the motion to dismiss, because the administrator must be joined, complete diversity will not exist once he is brought into this action as a plaintiff. But the Court has already determined that the administrator is not a necessary party. Therefore, based upon the petitioners who are properly in the case at this time, complete diversity exists. As such,

the Court rejects the argument that the Court lacks subject matter jurisdiction. *Accord Watkins*, 2016 WL 815295, at *2.

### 4. *COLORADO RIVER* ABSTENTION

Ray Hudson argues that the Court should abstain from exercising jurisdiction pursuant to *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976). Under *Colorado River*, if there are parallel state and federal actions, the Court is to weigh eight factors in determining if abstention is proper. The factors include

> (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; . . . (4) the order in which jurisdiction was obtained[;] . . . (5) whether the source of governing law is state or federal; (6) the adequacy of the state-court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction.

*Great Earth Companies, Inc. v. Simons*, 288 F.3d 878, 886 (6th Cir. 2002). The Court in *Watkins* analyzed all eight considerations and found that, in a very similar case, "[n]early every factor weighs against abstention," *Watkins*, 2016 WL 815295, at *4.

> First, property is not at issue. Second, this Court is just as convenient for the parties as the state court; the two courts sit in the same city. Third, the Court will compel arbitration here, which will completely avoid any piecemeal litigation. Fourth, this Court obtained jurisdiction over the arbitration issue first. Fifth, the governing law here, the FAA, is federal. Sixth, it is unlikely that the state court will adequately protect [the Plaintiffs'] contractual right to arbitrate in light of the Kentucky Supreme Court's recent holding in *Extendicare Homes, Inc. v. Whisman*. Seventh, the proceedings are at the same point. And eighth, there is concurrent jurisdiction.

The analysis in this case is very similar, with the only exceptions being the Supreme Court's recent reversal of the *Whisman* decision, *Kindred Nursing Centers*, 137 S. Ct. 1421 (2017), and the presence of a wrongful death claim in this case that will not be arbitrated. However, these

factors does not tip the scales in favor of abstention. Thus, the Court will not abstain from exercising jurisdiction. *Accord Canary*, 2017 WL 1015859, at *2; *Henderson*, 2016 WL 2853569, at *2; *Blankenship*, 2016 WL 7192127, at *2.

### B. MOTION TO COMPEL ARBITRATION

#### 1. WRONGFUL DEATH CLAIM

The Court now turns to the petitioners' motion to compel arbitration, addressing first the claim for wrongful death. In *Ping v. Beverly Enterprises, Inc.*, 376 S.W.3d 581 (Ky. 2012), the Kentucky Supreme Court held that a wrongful death claim does not derive from any claim on behalf of the decedent but instead belongs to the beneficiary under the wrongful death statute. KRS § 411.130(2). Accordingly, the wrongful death beneficiaries "do not succeed to the decedent's dispute resolution agreements" and are not bound by the decedent's agreement to arbitrate. *Ping*, 376 S.W.3d at 600. The Sixth Circuit likewise has held that a beneficiary is not required to arbitrate the wrongful-death claim and that this rule is not preempted by the FAA. *Richmond Health Facilities v. Nichols*, 811 F.3d 192, 197–98 (6th Cir. 2016). Thus, Ray Hudson is not required to arbitrate the claim for wrongful death, as the beneficiaries to whom that claim belongs have not consented to arbitrate.

#### 2. DECEDENT'S PERSONAL CLAIMS

Next, the Court turns to the remaining claims asserted by Ray Hudson, on behalf of the Estate of Evelyn Hudson, in the underlying state action. The ADR agreement provides that the FAA, 9 U.S.C. §§ 1–16, shall govern the agreement. (DN 1-3, at 5.) "When asked by a party to compel arbitration under a contract, a federal court must determine whether the parties agreed to arbitrate the dispute at issue." *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000) (citing

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc*., 473 U.S. 614, 626 (1985)). Specifically,

> [w]hen considering a motion to stay proceedings and compel arbitration under the Act, a court has four tasks: first, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration.

*Stout*, 228 F.3d at 714 (citing *Compuserve, Inc. v. Vigny Int'l Fin., Ltd*., 760 F. Supp. 1273, 1278 (S.D. Ohio 1990)); *see also N. Fork Collieries LLC v. Hall*, 322 S.W.3d 98, 102 (Ky. 2010) ("The task of the trial court confronted with" a motion to compel arbitration "is simply to decide under ordinary contract law whether the asserted arbitration agreement actually exists between the parties and, if so, whether it applies to the claim raised in the complaint. If an arbitration agreement is applicable, the motion to compel arbitration should be granted") (citations omitted).

In this case, Evelyn Hudson and the petitioners entered into an agreement to arbitrate. (DN 1-3.) As discussed above, *see supra* Section II.A.2, Ray Hudson had sufficient authority through the Power of Attorney to enter into the ADR agreement on Evelyn's behalf. This agreement covers the exact type of claims Ray has asserted in the state court action; all of the claims belonging to the estate allege some form of negligent care or supervision or a failure to adhere to statutory standards of care, and the agreement explicitly requires arbitration of "any disputes covered by this Agreement . . . [including] violation[s] of a right claimed to exist under federal, state, or local law . . . tort . . . consumer protection . . . negligence; gross negligence; malpractice; and any alleged departure from any applicable . . . medical, health care, consumer,

9

or safety standards." (DN 1-3, at 1–3.) Further, there are no federal claims asserted that are precluded from arbitration.

Finally, the Court must determine whether to stay the remainder of the proceedings. Ray Hudson is not required to arbitrate the claim for wrongful death. The issue, though, is whether he may pursue the claim in state court before the ordered arbitration of the other claims has concluded. Under the Anti-Injunction Act, a district court may enjoin state court proceedings in order "to protect or effectuate its judgments," among other reasons. 28 U.S.C. § 2283. This Court has previously granted requests to stay the pursuit of a wrongful death claim in state court until the arbitration of the decedent's personal claims was completed. *E.g.*, *Hall v. Evangelical Lutheran Good Samaritan Soc.*, 2017 WL 3710804, at *4 (W.D. Ky. Aug. 28, 2017). However, upon further consideration, the Court will not exercise its discretion to stay the state court proceedings in this case. *See Great Earth Companies, Inc.*, 288 F.3d at 893–94 (the decision whether to stay a state court proceeding is within discretion of the district court). While the claims to be tried in the state court proceedings may be similar to those that are to be arbitrated, the wrongful death claim belongs to an entirely different group of plaintiffs (Evelyn's beneficiaries under the wrongful death statute) than the personal injury claims, which belong to Evelyn and survive through her estate. Thus, enjoining the state court proceedings should not be necessary to protect or effectuate this Court's order requiring Evelyn's personal claims to be arbitrated, as "[t]he court believes that the parties and the state court will likely conform their conduct to the expectations of the law" in proceeding with the wrongful death claim. *Life Care Ctr. Of Am., Inc. v. Estate of Neblett*, 2015 WL 518692, at *2 (W.D. Ky. Feb. 6, 2015) (citations omitted) (finding that "the state court is in the best position to determine whether it should stay

proceedings"). Therefore, the Court will not enjoin the parties from proceeding in the Jefferson Circuit Court action in accordance with this Court's orders.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** as follows:

(1) The petitioners' motion for expedited consideration of the petition to compel arbitration (DN 3) is **GRANTED**. The petition to compel arbitration (DN 1) is **GRANTED IN PART** and **DENIED IN PART.** The parties are **COMPELLED** to arbitrate all claims which are the subject of the respondent's claims in Jefferson Circuit Court, with the exception of the wrongful death claim. The petitioners' request to stay the state court proceedings is **DENIED**. Counsel shall promptly inform the Jefferson Circuit Court of this Memorandum Opinion and Order.

(2) This proceeding is **STAYED** until the conclusion of the ordered arbitration.

(3) The respondent's motion to dismiss (DN 12) is **DENIED**.

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

September 26, 2017

cc: counsel of record